IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT WESSELS, individually, and
d/b/a Relco,

      Plaintiff,

vs.      No. 06 C 2053

NII-JII ENTERTAINMENT, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff was, the parties apparently agree, a consultant to defendant concerning an enterprise that failed. Not only did it fail, defendant represents, but the failure led to litigation which resulted in a judgment against its principals in a Wisconsin state court in Kenosha, Wisconsin. Plaintiff now seeks, in this case, to quantify the amount owed him by defendant, although he does not seek judgment for that amount against defendant.

A receiver for defendant was appointed in that case in October, 2003, and the receiver has been involved in marshaling defendant's assets since then as a prelude to liquidation. When plaintiff filed this case the receiver had not yet received authorization from the state court to determine the amount due the various creditors. It has since received that authorization. Apparently, though, it previously recognized defendant as a creditor and confirmed that it owed defendant a base amount of $1,016,185.23.

Defendant now moves to dismiss this action or, alternatively, to transfer it to the Eastern District of Wisconsin. Plaintiff wants to stay here. In the exercise of caution, however, he has heeded the Wisconsin court's order to file any claim there. Thus his claim is pending

in both courts, but with a recognition that the Wisconsin court controls defendant's assets and only that court can order the claim paid.

Defendant argues that the Younger doctrine, derived from Younger v. Harris, 401 U.S. 37 (1971), compels dismissal here. We disagree. Determining the amount of the claim does not in any respect interfere with the state court litigation; it merely provides proof of the amount, not whether or to what extent it should be paid. *See* Morris v. Jones, 329 U.S. 545 (1947). The issue is, however, governed by the Colorado River doctrine, derived from Colorado River Conservation District v. United States, 424 U.S. 800 (1976). That doctrine becomes relevant when there are parallel actions in both state and federal court. Whether there are parallel actions is determined at the time the motion is considered, not when the actions were first commenced. Day v. Union Mines, Inc., 862 F.2d 652 (7th Cir. 1988). And the actions clearly are parallel now. The same claim is pending in both courts.

But that is not enough. The presumption is against abstention, and we should refuse to exercise jurisdiction only in exceptional circumstances. Sverdrup Corp. v. Edwardsville School Dist. No. 7, 125 F.3d 546 (7th Cir. 1997). What factors should be considered are spelled out in Colorado River, *supra,* and in Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). As we have said, this action does not interfere with the state proceeding, although it is obvious that the state court believes that the determination of the amount of claims is intertwined with issues of priority and payment. It has enjoined new claim determination lawsuits. The state has assumed jurisdiction over the property available for payment. The matter is governed by state, not federal, law, and the state proceeding is wholly adequate to protect plaintiff's rights. Parallel proceedings will result in piecemeal

litigation; the amount of the claim will be determined by whichever court gets to the issue first[1] (and what court that might be can be affected by the effort of the parties to accelerate one proceeding and delay the other). While the federal forum is not particularly inconvenient, it does appear that the appointed receiver would have to come to Illinois, and the plaintiff is going to have to go to Kenosha eventually, in any event. We think, in balance, that the circumstances are sufficiently exceptional so as to give preference to the Wisconsin forum. We do not dismiss this action. Rather, we stay further proceedings here until further order of the court.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 9, 2006.

---

[1] We are not at all sure that the parties have a substantial disagreement about the amount of the claim.